FILED
JUN 2 4 2013


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-10048 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| QUENTIN EDWARD DOERR, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant entered a plea of guilty on April 23, 2013, to transportation of child pornography as set forth in the superseding information. On June 11, 2013, defendant moved to withdraw his guilty plea.

Pursuant to Fed. R. Crim. P. 11(d)(2)(B) (formerly Rule 32(e)), a guilty plea may be withdrawn before sentencing if the defendant demonstrates a "fair and just reason" for the withdrawal. United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010).

> The district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion. The defendant bears the burden of showing fair and just grounds for withdrawal.

United States v. Mugan, 394 F.3d 1016, 1024 (8th Cir. 2005) (internal citations omitted). However, if the defendant fails to establish a fair and just reason for the withdrawal of his guilty plea, the other factors need not be considered. United States v. De Oliveira, 623 F.3d at 596. I have considered also all the discussion and authorities cited in United States v. Johnson, ___ F.3d ___, 2013 WL 2372004 (8th Cir. 2013), a case involving possession of child pornography.

"A guilty plea is a solemn act not to be set aside lightly." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (*quoting* United States v. Prior, 107 F.3d 654, 657 (8th

Cir. 1997)). "Although a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, a defendant has no absolute right to withdraw a guilty plea before sentencing, and the decision to allow or deny the motion remains within the sound discretion of the trial court." United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001).

A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970).

Defendant was fully advised of the consequences of pleading guilty. I specifically asked him whether anyone had coerced him in any way or promised him anything other than what was in the plea agreement and he said "no." I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to withdraw shows otherwise.

A plea is intelligently made where the defendant "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently

2

made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473.

I fully advised the defendant at his change of plea hearing as to the consequences of pleading guilty. He testified under oath that he understood those matters. I found at the change of plea hearing that his plea was intelligently made and there is nothing in the record to contradict my finding.

At the change of plea hearing, defendant pleaded guilty to a superseding information charging interstate transportation of pornography, a charge carrying a maximum sentence of 20 years imprisonment and a mandatory minimum sentence of five years imprisonment. Defendant faced a mandatory minimum 15 years imprisonment and a maximum sentence of 30 years imprisonment for the production of child pornography charge set forth in the indictment.

At the change of plea hearing, defendant testified twice, while under oath, to facts that establish his factual guilt to the offense of having possessed video recorded depictions of himself engaged in sexually explicit conduct with a minor female and having transported such visual depiction in interstate commerce. He also testified that he understood what was in the written factual basis statement before he signed it and that he had gone over it with his attorney before he signed it. He does not, in his motion to withdraw, deny his factual guilt.

Defendant contends that he can show a fair and just reason for withdrawal "in that it was his understanding that the State of North Dakota would not pursue charges once the Federal authorities took over prosecuting the case." Defendant testified under oath at the change of plea hearing that no one promised him anything, other than what was in the

3

plea agreement, in order to get him to plead guilty. He agreed that no other promises were made to him other than what was contained in the plea agreement.

Defendant claims that he misapprehended whether his state court charges would be resolved as a result of his federal guilty plea. He apparently still faces additional prison time for the pending state charges. "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." United States v. Teeter, 561 F.3d 768, 770-71 (8th Cir.2009) (*quoting* United States v. Stuttley, 103 F.3d 684, 686 (8th Cir.1996)).

Defendant has not demonstrated any fair and just reason for withdrawal of his guilty plea.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 34, to withdraw plea is denied.

Dated this 24th day of June, 2013.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY_____
                                    DEPUTY
(SEAL)

4